UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR0206 CEJ (AGF) |
| ) | |
| DAVID HYGRADE, ) | |
| ) | |
| Defendant. ) | |

## ORDER REGARDING MENTAL COMPETENCY

This matter came before the Court on the motion of Defendant (Doc. #17) for an examination pursuant to 18 U.S.C. § 4241(a), to determine the mental competency of Defendant David Hygrade to understand the nature and consequences of the proceedings and assist properly in his defense. An examination was ordered pursuant to 18 U.S.C. §§ 4241(b) and 4247, and further court proceedings were stayed pending the competency hearing. (Doc. #18). Defendant was thereafter transferred to the Federal Medical Center in Lexington, Kentucky (the "FMC") for an evaluation. On September 5, 2008, a report of the forensic evaluation (the "FMC Evaluation") by Karen Milliner, Psy.D., Forensic Psychologist, was filed pursuant to 18 U.S.C. § 4247(c). (Doc. #23, filed under seal). In her report, Dr. Milliner noted that Defendant suffers from mild mental retardation, but concluded that Defendant was competent to stand trial. Dr. Milliner did state, however, that because of his intellectual limitations, Defendant may need additional assistance, and recommended for consideration by the Court and defense counsel certain accommodations she believed should be made. Dr. Milliner concluded that Defendant's

deficiencies could be adequately addressed by slowing and simplifying the court proceedings, and with defense counsel spending more time than is typical to explain court principles and procedures to Defendant, briefing and debriefing Defendant at key points, and reading and explaining all legal documents to Defendant.

Defendant filed objections to the FMC Evaluation, and requested leave to conduct a second evaluation by a private examiner, which motion was granted. (Doc. #24). Defendant arranged for a second evaluation by Dr. Michael Armour. Dr. Armour submitted a report of his evaluation (the "Armour Evaluation"), dated October 21, 2008, which was filed on October 28, 2008 (Doc. #27, filed under seal). In his report, Dr. Armour likewise determined that Defendant was mildly mentally retarded, but believed that Defendant's understanding of the court process was, at the time, insufficient for Defendant to be considered competent. He did not suggest, however, that Defendant could not be educated to the point where he could be deemed competent to proceed.

A hearing was held on December 12, 2008, pursuant to 18 U.S.C. § 4247(d). Defendant was present and represented by his attorney, Assistant Federal Public Defender Janis C. Good. The government was represented by Assistant United States Attorney Patrick T. Judge. Both parties had received and reviewed copies of the FMC Evaluation and the Armour Evaluation. Neither party believed there was a need for any further testing or evaluation. The Court granted Defendant's motion for leave to withdraw his prior objections to the FMC Evaluation, which motion Defendant had filed following receipt of the Armour Evaluation and after further discussions with the government.

At the hearing, defense counsel represented to the Court that the parties had been able to narrow the issues. In addition, at counsel's request, the U.S. Marshal had transferred Defendant to a location that permitted counsel to work more closely with Defendant. Based on her close interaction with Defendant, which included the accommodations contained in the FMC Evaluation, defense counsel felt confident both that Defendant was competent to understand the proceedings and to assist her in his defense, and that she would be able to provide the necessary accommodations to assure Defendant's understanding of the nature and consequences of the proceedings. Further, defense counsel, who is experienced working with defendants who have issues related to their mental condition, has committed to work with Defendant in this manner. In light of the information presented at the hearing, the information contained in the FMC Evaluation and the Armour Evaluation, and this Court's own interaction with Defendant,

The undersigned hereby finds, pursuant to 18 U.S.C. §§ 4241(a) and (d), that Defendant is mentally competent to stand trial and is able to understand the nature and consequences of the proceedings and assist properly in his own defense, but recommends that the accommodations listed in the FMC Evaluation be followed.

**IT IS FURTHER ORDERED** that the stay previously entered in this cause is hereby lifted.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 12th day of December, 2008.